NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 2 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEFFERY ETTER, et al., individually and on behalf of all others similarly situated, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> NORCOLD, INC., THETFORD CORPORATION, and THE DYSON-KISSNER-MORAN CORPORATION, <br><br> Defendants-Appellants. | No.   21-55242 <br><br> D.C. No. 8:13-cv-00081-JLS-RNB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge

Argued and Submitted February 18, 2022
Pasadena, California

Before:  BRESS and BUMATAY, Circuit Judges, and LASNIK,[**] District Judge.

Defendants-Appellants Norcold, Inc., Thetford Corporation, and the Dyson-

Kissner-Moran Corporation (collectively "Norcold") seek reversal of the district

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

court's post-judgment order interpretating a Settlement Agreement between Norcold and a class of plaintiffs ("Plaintiffs") who purchased Norcold's refrigerators. We "review questions of law, including the interpretation of a settlement agreement, de novo." *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 975 F.3d 770, 775 (9th Cir. 2020). We have jurisdiction under 28 U.S.C. § 1291 to review the district court's post-judgment order, *see Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1064 (9th Cir. 2010), and we affirm.

1.      Norcold asserts that the Settlement Agreement bars class members from claiming punitive damages in relation to their individual personal injury and/or property damage claims, while Plaintiffs argue there is no such limitation. Because the Settlement Agreement is governed by California law, "we first determine whether the contract language is clear or ambiguous." *Navarro v. Mukasey*, 518 F.3d 729, 734 (9th Cir. 2008) (applying California law). "If the contract language is clear, we give effect to its plain meaning." *Id.* Where the "contract language is susceptible to multiple interpretations," however, California law directs us to "attempt to discern which interpretation the parties intended." *Id.* "The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other." Cal. Civ. Code § 1641. Both the plain meaning of the Settlement Agreement and the intentions of the parties

indicate that claims for punitive damages in relation to reserved individual claims are not barred.

Paragraph VI.B of the Settlement Agreement details which claims and remedies were released by the class members (the "Released Claims"). Immediately following this release, paragraph VI.C explains that claims for personal injury, wrongful death, or property damage were not released (the "Reserved Claims"). Reading paragraphs IV.B and IV.C paragraphs together, it is clear that punitive damages in relation to the Reserved Claims were not released. Paragraph VI.B expressly provides that claims for damages of any kind—including punitive damages—were released in relation to the "Action"—*i.e.*, the class-wide consumer fraud cases. Paragraph VI.C, however, is an explicit carve-out from the Settlement, providing that individual claims for personal injury, wrongful death, or property damage were "excluded from the Release." Nothing in the Settlement Agreement suggests that punitive damages associated with Reserved Claims were in fact released. This reading is bolstered by the introductory phrase in paragraph VI.C— "[n]otwithstanding the foregoing"—which severs any connection between paragraph VI.B and VI.C. *See Hooks v. Kitsap Tenant Support Servs., Inc.*, 816 F.3d 550, 559 (9th Cir. 2016) ("'Notwithstanding' means 'in spite of'" and "'notwithstanding clauses' work to sweep aside potentially conflicting" provisions)

3

(simplified). Thus, the release of punitive damages in paragraph VI.B does not apply to the subject matter of paragraph VI.C.

Even if the Settlement Agreement were ambiguous, the available evidence indicates that the parties did not intend for punitive damages in relation to the Reserved Claims to be barred. Just before the Settlement Agreement was approved by the district court, a group of class members requested to amend the Agreement to expressly "include the right to seek all remedies arising [from the Reserved Claims], including, but not limited to . . . punitive damages." The district court denied the request but found "that the definition of 'Reserved Claims' in section I.A.62 [of the Settlement Agreement] and the carve-out from the release in section VI.C are clear as to the question raised." In other words, the district court effectively agreed then that the Settlement Agreement did not bar punitive damages in relation to the Reserved Claims (as it later held explicitly in its ruling now on review). We find this to be probative of the parties' intent when drafting the Agreement.[1]

---

[1] Norcold advances other arguments purporting to show that punitive damages should not be assessed, e.g., "the presumption is very strong against punitive damages," "no obvious necessity exists to imply the right to assert punitive damage claims," "California law and due process prohibit multiple punitive awards for the same conduct," and "the purpose of punitive damages was already served here." These arguments do not alter our interpretation of the Settlement Agreement, and to the extent they have any merit, Norcold may raise these considerations before the courts hearing the individual tort actions.

2.	In parallel with its contract interpretation arguments, Norcold advances a theory of res judicata.  According to the doctrine of res judicata, a "court-approved settlement in a prior suit precludes subsequent litigation on the same cause of action."  *Villacres v. ABM Indus. Inc.*, 189 Cal. App. 4th 562, 569 (2010).  While our decision upholding the district court's interpretation of the Settlement Agreement may have implications for any res judicata defense in any subsequent individual case, Norcold's res judicata arguments do not require any additional interpretation of the Settlement Agreement by us.  Therefore, any res judicata or other preclusion arguments that Norcold may advance are best left to the courts in the individual tort actions.

**AFFIRMED.**